IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RICKY N. ALEXANDER,

                                Plaintiff,

        v.

DODGE CORRECTIONAL INSTITUTION,
LIEUTENANT R. RASMUSSEN,
LIEUTENANT D. STRELOW, and
DCI COMPLAINT EXAMINER,

                              Defendants.

ORDER

14-cv-849-jdp

       Pro se prisoner Ricky Alexander filed a proposed complaint under 42 U.S.C. § 1983, alleging that prison officials violated his Fifth and Fourteenth Amendment rights to due process by improperly disciplining him for a physical altercation with another inmate. Dkt. 1. I screened plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, and I concluded that plaintiff had failed to state a claim upon which relief could be granted. Dkt. 10. I therefore directed the clerk of court to close this case.

       Plaintiff requested permission to amend his complaint, Dkt. 12 and Dkt. 14, which I denied because plaintiff's proposed amendments did not cure the deficiencies that I had identified in his initial complaint, Dkt. 17. Plaintiff has now filed a motion for reconsideration, explaining that he would like to amend his complaint to state procedural due process claims against defendants for failing to disclose exculpatory evidence before or during the disciplinary hearing. Dkt. 18. I will deny plaintiff's motion for reconsideration because the evidence that defendants allegedly withheld was not favorable to plaintiff, and thus, not exculpatory.

Plaintiff was disciplined for battery. Dkt. 9-1, at 8. Two days after the incident occurred, the inmate with whom plaintiff had the altercation completed a written statement providing the inmate's version of the events. Plaintiff has submitted a portion of that statement, and so I may consider it at the screening stage to determine whether plaintiff has stated a claim upon which relief can be granted. *Mustache v. Johnson*, No. 09-cv-18, 2009 WL 1683207, at *2 (E.D. Wis. June 16, 2009). The statement reads:

> [o]n the 18th [of February 2013] at 4:45-5:00? Ricky A. was standing in the day room with hair all over his shirt. I had said don't come any closer with that crap on you. I don't know if he took that to mean come closer, because he did. I th[e]n said jokingly, if you come rub that crap on me I'm going to have to kick your ass. He came and rubbed against me. I pushed him away. He came at me. We both ended up on the floor. I tried to grab him so he couldn't hurt/hit me. He broke free quickly. I ended up with my back on the ground as he leaned over top me hitting me. I kept asking him to stop as I tr[i]ed to protect myself.

*Id.* at 2.[1]

In his motion for reconsideration, plaintiff correctly argues that prison officials are generally required to disclose exculpatory information to prisoners who are facing discipline for rule violations. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) ("[A]n inmate is entitled to disclosure of material, exculpatory evidence in prison disciplinary hearings unless such disclosure would unduly threaten institutional concerns."). Plaintiff contends that in this case, the other inmate's statement "was important for [his] defense because it would have corroborated [his] story that he did not initiate and wasn't the aggressor in the

---

[1] It appears that only the first page of the other inmate's statement is in the record. *See* Dkt. 9-1, at 2 (using "over" to indicate that there is more to the statement). But the missing portion is irrelevant at this point because plaintiff contends that the inmate's account of how the altercation *began* supports plaintiff's story. That portion of the statement is in the record.

confrontation." Dkt. 18, at 1. I disagree with plaintiff's reading of the other inmate's statement. The other inmate's version of the events does not support plaintiff's assertion that he was not the aggressor—it contradicts that assertion. According to the statement, the other inmate told plaintiff to keep away from him; but plaintiff walked up to the other inmate anyway. The other inmate told plaintiff to not rub against him; but plaintiff did it anyway. The other inmate pushed plaintiff off of him; plaintiff responded by rushing at the inmate, knocking him to the ground, and hitting him as the inmate asked plaintiff to stop. Plaintiff is simply incorrect to suggest that the statement portrays the other inmate as the aggressor.

Prison officials must disclose only evidence that is "favorable to the accused." *Piggie*, 344 F.3d at 679. Here, the evidence that plaintiff alleges was missing from his disciplinary hearing was not favorable to him. Plaintiff therefore cannot proceed with due process claims against defendants based on allegations that they violated his procedural due process rights by failing to disclose this statement. I will deny plaintiff's motion for reconsideration.

ORDER

IT IS ORDERED that plaintiff Ricky Alexander's motion for reconsideration, Dkt. 18, is DENIED.

Entered December 22, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3