IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RICKY N. ALEXANDER,

                Plaintiff,

  v.

                                              ORDER

DODGE CORRECTIONAL INSTITUTION,
LIEUTENANT R. RASMUSSEN,                      14-cv-849-jdp
LIEUTENANT D. STRELOW, and
DCI COMPLAINT EXAMINER,

                Defendant.

Pro se prisoner Ricky Alexander has filed a "motion of objection to deem the district court decision 'void' and request for recusal." Dkt. 25. I will deny plaintiff's motion.

Although plaintiff does not indicate the authority under which he seeks to set aside the judgment in this case, I construe his motion as one pursuant to Federal Rule of Civil Procedure 60(b)(4).[1] I cannot grant plaintiff's motion because he essentially renews arguments that I have already addressed and raises arguments for the first time that he could have raised earlier. *Solis v. Current Dev. Corp.*, 557 F.3d 772, 780 (7th Cir. 2009). For example, he contends that defendant Lieutenant D. Strelow did not include statements from plaintiff and another inmate in a conduct report that eventually led to plaintiff receiving discipline. But I have explained that the omitted evidence—whether omitted intentionally or by accident—does not give rise to a due process violation because plaintiff received adequate procedural protections. Dkt. 10, at 5 and Dkt. 17, at 2-3. I have also explained that the

---

[1] The court entered judgment on June 2, 2015. Dkt. 11. "[A]ny motion for reconsideration filed after the deadline [for Rule 59(e) motions] must be construed as a motion to vacate." *Williams v. Illinois*, 737 F.3d 473, 475 (7th Cir. 2013).

omitted evidence was not favorable to plaintiff (it implicates him as the aggressor in a battery), and so even if defendants did not disclose it before the disciplinary hearing, there was no due process violation. Dkt. 21, at 2-3. Plaintiff has not presented adequate grounds for relief from the judgment under Rule 60(b).

As for plaintiff's request for recusal, I construe it as a motion for disqualification under 28 U.S.C. § 455(a).[2] Section 455(a) requires me to recuse myself "in any proceeding in which [my] impartiality might reasonably be questioned." I have a duty to recuse when presented with valid reasons, but I also have a duty to refuse recusal when justification is lacking. *N.Y. City Hous. Dev. Corp. v. Hart*, 796 F.2d 976, 980 (7th Cir. 1986).

Here, plaintiff contends that I "displayed 'fraud by an officer of the court' for displaying partiality toward the plaintiff by predetermining how [I was] going to rule, and ignoring the Wisconsin's prison administrative codes and case law." Dkt. 25, at 10. These arguments appear to suggest that I must recuse myself simply because I have ruled against plaintiff in this case. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Plaintiff has not presented other evidence from which a reasonable observer could conclude that I am biased against him. Thus, I will deny his motion for recusal. *See Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002).

I will address one final point in closing. Plaintiff contends that there is a contradiction in the order that I issued on June 2, 2015, and that this contradiction establishes both his

---

[2] Plaintiff cites to § 455(a) and to state cases and state statutes that address recusal. Dkt. 25, at 10-11. This is a federal court, and so state authorities do not govern whether I must recuse myself.

entitlement to relief and a reason for my recusal. Specifically, plaintiff argues that I dismissed his case even though I had concluded that "there appears to be a inadequate procedural process during the disciplinary hearing." Dkt. 25, at 7 (purporting to quote Dkt. 10, at 7). Plaintiff has misquoted my earlier order and he misunderstands the statement that he has quoted. I will clarify. Plaintiff's initial complaint mentioned racial discrimination and invoked the Equal Protection Clause. Dkt. 1, at 3-5. At screening, I concluded that these statements were not part of the claim that plaintiff was pursuing, which involved due process violations during his disciplinary proceedings. In reaching this conclusion, I wrote that "these appear to be tangential issues in a complaint that principally alleges inadequate procedural process during a disciplinary hearing." Dkt. 10, at 6-7. Contrary to plaintiff's suggestion, Dkt. 25, at 9, I did *not* conclude that there appeared to be inadequate procedural process during the disciplinary hearing. Rather, I observed that the complaint principally *alleged* inadequate process.

ORDER

IT IS ORDERED that plaintiff Ricky Alexander's motion of objection to deem the district court decision as "void" and request for recusal, Dkt. 25, is DENIED.

Entered March 3, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge