IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICKY N. ALEXANDER,

                Plaintiff,

v.

                                                   ORDER

DODGE CORRECTIONAL INSTITUTION,
LIEUTENANT R. RASMUSSEN,                      14-cv-849-jdp
LIEUTENANT D. STRELOW, and
DCI COMPLAINT EXAMINER,

                Defendants.

---

After screening pro se prisoner Ricky Alexander's initial complaint (and supplement), I concluded that he had failed to state a claim upon which relief could be granted. Dkt. 10. I therefore directed the clerk of court to close this case and assess plaintiff a strike. *Id.* The clerk of court entered judgment on June 2, 2015. Dkt. 11. In the months that followed, plaintiff filed a motion to amend his complaint, which I denied, and he filed two motions for reconsideration, both of which I denied.

Plaintiff has now filed a "request for recusal of judge James D. Peterson, his partial decision deem as void, permission to proceed with civil complaint under sec. 1983 and legal representation." Dkt. 27. The submission is addressed to the chief judge of this court. *Id.* at 1. But I construe plaintiff's submission as a request for me to recuse myself and reconsider my decision denying him leave to proceed with claims arising out of discipline that plaintiff received for battering another inmate. I have already denied a motion for recusal that plaintiff filed in this case, Dkt. 26, and I will do so again for essentially the same reasons that I gave in my earlier order. Recusal is not called for simply because I ruled against plaintiff, even if he strenuously disagrees with my ruling. Plaintiff has not presented evidence from

which a reasonable observer could conclude that I am biased against him. But I will grant plaintiff's motion for reconsideration in part and reopen this case.

Plaintiff principally renews several arguments that I have addressed in earlier orders in this case. These arguments relate to what plaintiff perceives to have been procedural due process violations that occurred when prison officials disciplined him. For example, plaintiff contends that prison officials should have disclosed a written statement from the inmate whom plaintiff attacked (plaintiff believes that the statement establishes that the other inmate was the aggressor, but it does not) and that prison officials failed to consider the statement before disciplining him. Plaintiff also contends that prison officials ignored portions of the Wisconsin Administrative Code when they disciplined him. Finally, plaintiff contends that his discipline is invalid because separate criminal proceedings against him in state court ended with a prosecutor dismissing the charges. These are the same arguments that plaintiff raised in an earlier motion to reconsider. Dkt. 25. I have already concluded that they do not provide a basis from which to reconsider my earlier decision denying plaintiff leave to proceed with procedural due process claims. Dkt. 26. Merely rehashing previously rejected arguments is not a valid basis for a motion for reconsideration. *Solis v. Current Dev. Corp.*, 557 F.3d 772, 780 (7th Cir. 2009). Thus, I will deny plaintiff's motion as it pertains to his procedural due process claims.

From the beginning of this case, plaintiff has framed his claims as alleging procedural due process violations. Some of his filings mentioned equal protection and race discrimination, but these allegations were tangential to the main issue that plaintiff identified: that prison officials failed to disclose or consider the other inmate's statement. In plaintiff's most recent motion for reconsideration, however, he brings the issue of race

discrimination to the forefront of this case. *See* Dkt. 27, at 7 ("The committee's decision represents Strelow's and Rasmussen's discriminatory will . . . [t]heir action of intentionally treating one inmate different than the other inmate involved in the same incident is the very definition of violating equal protection clause of the law due to racial discrimination.").

"A plaintiff asserting an equal protection violation must establish that a state actor has treated him differently than persons of a different race and that the state actor did so purposefully." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Here, plaintiff is an African-American and the inmate whom he attacked is white. According to plaintiff, he and the other inmate were equally at fault for starting the fight. But the other inmate was never charged or disciplined. Because I must accept these allegations as true for purposes of screening plaintiff's complaint, I conclude that he has articulated a basis from which he could proceed with an equal protection claim against at least some of the defendants.

Now that plaintiff has clarified the nature of his equal protection claims, I conclude that it is appropriate to reopen this case and set aside the judgment entered on June 2, 2015. I will direct the clerk of court to vacate the judgment and rescind the strike assessed against plaintiff in this case. Because there is currently no pleading that adequately alleges plaintiff's equal protection claims, I will direct him to file an amended complaint. Plaintiff's amended complaint should address *only* his equal protection claims—I am not revisiting or reversing my earlier conclusion that plaintiff has failed to state claims for procedural due process violations arising out of defendants' failure to provide him with or consider the other inmate's statement. Once plaintiff submits his amended complaint, I will screen it to ensure that it complies with Federal Rule of Civil Procedure 8 and, if it does, direct service on defendants.

ORDER

IT IS ORDERED that:

1. Plaintiff Ricky Alexander's motion for reconsideration, Dkt. 27, is GRANTED in part, as explained in this order.

2. The judgment entered in this case, Dkt. 11, is VACATED, and the strike recorded against plaintiff pursuant to 28 U.S.C. § 1915(g) is RESCINDED.

3. Plaintiff may have until May 19, 2016, to file an amended complaint against the defendants who discriminated against him.

Entered April 28, 2016.

                                            BY THE COURT:

                                            /s/

                                            _____
                                            JAMES D. PETERSON
                                            District Judge