IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICKY N. ALEXANDER,

                Plaintiff,

  v.

                                                  ORDER

DODGE CORRECTIONAL INSTITUTION,
LIEUTENANT R. RASMUSSEN,                      14-cv-849-jdp
LIEUTENANT D. STRELOW, and
DCI COMPLAINT EXAMINER,

                Defendants.

---

      Pro se prisoner Ricky Alexander has filed a motion to assign this case to a different judge (plaintiff styles his motion as a letter addressed to the chief judge of this court). Dkt. 31. This is the third time that plaintiff has requested my recusal, and he has raised essentially the same grounds in each of his submissions: he contends that I have displayed partiality by not granting him leave to proceed with his procedural due process claim. *See* Dkt. 25; Dkt. 27; Dkt. 31. I have explained to plaintiff why his allegations fail to state a due process claim upon which relief can be granted. Dkt. 10 and Dkt. 17. I have explained why the evidence on which he wanted to base his *Brady* claim was not in fact exculpatory. Dkt. 21. Most important for purposes of plaintiff's latest motion, I have also explained twice that his disagreement with my rulings is not a basis for my recusal. Dkt. 26 and Dkt. 30. I will again deny plaintiff's motion to reassign this case to a different judge for the same reasons that I have already given him in my earlier orders.

      I assure plaintiff that I harbor no ill will, and I have not uniformly rejected his arguments. On April 28, 2016, I vacated the judgment in this case and granted plaintiff leave to proceed with equal protection claims based on his allegations that prison officials

disciplined him differently because of his race. Dkt. 30. I gave plaintiff until May 19, 2016, to file an amended complaint alleging the facts that plaintiff believes support this claim. *Id.* Plaintiff has failed to meet this deadline, presumably because he spent his time on his latest motion for my recusal.

I will give plaintiff an extension to file an amended complaint. But if plaintiff fails to meet this new deadline, then I will dismiss this case without prejudice for failure to prosecute it. Plaintiff should now focus on moving forward with the claims on which I have allowed him to proceed, rather than rehash arguments that I have already rejected. Ultimately, plaintiff will be able to present the arguments that I have rejected to an appellate court. But at the trial level, he will have to finish this case with me.

## ORDER

IT IS ORDERED that:

1. Plaintiff Ricky Alexander's motion to reassign this case, Dkt. 31, is DENIED.

2. Plaintiff may have until June 15, 2016, to file an amended complaint against the defendants who discriminated against him. If plaintiff fails to meet this deadline, then I will dismiss this case without prejudice for failure to prosecute.

Entered May 25, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge