IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RICKY N. ALEXANDER,

               Plaintiff,

    v.

LIEUTENANT R. RASMUSSEN,
LIEUTENANT D. STRELOW, and
WARDEN JAMES R. SCHWOCHERT,

               Defendants.

ORDER

14-cv-849-jdp

Pro se plaintiff Ricky Alexander, a state prisoner now incarcerated at the Wisconsin Secure Program Facility, asserted Fourteenth Amendment equal protection claims against officials at his prior prison, Dodge Correctional Institution (DCI). Dkt. 36. While at DCI, Alexander, who is African-American, had a physical altercation with a white inmate. Alexander alleged that defendants discriminated against him based on his race by punishing him but not the white inmate.

I granted summary judgment in favor of defendants for Alexander's failure to satisfy the exhaustion requirement under the Prison Litigation Reform Act. Dkt. 63. Alexander now moves for reconsideration, which I will construe as a motion under Federal Rule of Civil Procedure 59(e). Dkt. 66. I will deny Alexander's motion.

Alexander had filed his grievance too late, but he argued that his late grievance should be excused. According to Alexander, he learned that the white inmate had not been punished only after talking to other inmates in October 2014, after the deadline for his grievance had already passed. But this fact was not supported by admissible evidence: although Alexander cited his affidavit dated November 2, 2016, in his response to defendants' summary judgment

motion, he did not file such an affidavit, even after defendants had informed him that it was missing.

Under Rule 59(e), a district court may alter or amend judgment if the movant "demonstrate[s] a manifest error of law or fact or present[s] newly discovered evidence." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (quoting *Boyd v. Tornier, Inc.*, 656 F.3d 487, 492 (7th Cir. 2011)). A Rule 59(e) motion is not "a vehicle for a party to undo its own procedural failures." *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000) (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)).

Here, Alexander presents no basis for relief under Rule 59(e). He identifies no error of law or fact. Nor does he adduce newly discovered evidence. Instead, Alexander states that he did not know that he had to support his facts with admissible evidence and that defendants' counsel never made that obligation clear for him. But defendants and the court had informed Alexander that he must support his facts with admissible evidence to withstand summary judgment. Dkt. 43, at 4-5, 15-16 and Dkt. 44, at 1. And Alexander's summary judgment submission shows that he knew about this requirement: he was citing an affidavit; the only problem was that the affidavit did not exist.

Alexander ultimately adduced a declaration dated March 20, 2017—not the November 2, 2016, affidavit that he originally cited—to support the fact that he did not learn about the discrimination until it was too late. Dkt. 67. But the result of the summary judgment decision would be the same even if I were to consider Alexander's belated declaration. He states in his declaration that he "did not learn[] that inmate Benjamin was not punished until eight months after the disciplinary hearing on March 26, 2013." Dkt. 67. But to make his October 16, 2014,

grievance timely, Alexander must show that he learned about the discrimination on or after October 2, 2014. Alexander's vague declaration falls short of establishing that fact.

Alexander had opportunities to explain to prison officials why his October, 16, 2014, grievance should be accepted and not denied as untimely. He had his first chance when he filed his grievance, but he failed to do so. Dkt. 47-6, 7. And when prison officials rejected his grievance as untimely, he did not explain in his appeal form that his untimely grievance should be excused because he learned of the racial discrimination too late. *Id.* at 8. Instead, Alexander's reason at that time was that Dodge County Court had taken too long to send documents related to his battery charge. *Id.*

In sum, I will deny Alexander's motion for reconsideration. Alexander also filed a motion to deny defendants' request to depose him. Dkt. 65. That motion is moot because I had already denied defendants' discovery motion when I granted summary judgment in favor of defendants.

## ORDER

IT IS ORDERED that:

1. Plaintiff Ricky N. Alexander's motion for reconsideration, Dkt. 66, is DENIED.

2. Plaintiff's motion to deny counsel's request to depose plaintiff, Dkt. 65, is DENIED.

Entered August 24, 2017.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

3